UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NEIL PAREENE and LYNN PAREENE,

                *Plaintiffs,*

-*against*-

SEARS HOLDINGS MANAGEMENT CORPORATION d/b/a SEARS/KMART, ELECTROLUX HOME PRODUCTS, INC., and EMERSON ELECTRIC CO.,

                *Defendants*

**PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT WITH JURY DEMAND**

Case No.: 6:10-CV-0445 (DNH/DEP)

TO THE ABOVE-NAMED DEFENDANTS:

**PLAINTIFFS**, Neil Pareene and Lynn Pareene ("the Pareenes"), by and through their attorneys, Law Office of Daniel W. Coffey, as and for Plaintiffs' First Amended Verified Complaint, herein allege as follows upon information and belief:

    1.    Plaintiffs, Neil Pareene and Lynne Pareene, hereby demand a trial by jury on all issues, pursuant to F.R.C.P. Rules 38 and 81 and Local Rule 81.3.

### PARTIES

    2.    At all times hereinafter relevant, the Pareenes are residents of the City of Amsterdam, County of Montgomery, State of New York.

    3.    At all times hereinafter relevant, the Parenees owned premises located at 211 Route Highway 67, Town of Amsterdam, County of Montgomery, New York (hereinafter "Subject Premises").

    4.    At all times hereinafter relevant, defendant Sears Holdings Management Corporation was and is a foreign business corporation duly registered as such with the New York State Department of State – Division of Corporations.

5. At all times hereinafter relevant, defendant Sears Holdings Management Corporation conducted business under the name "Sears/Kmart."

6. Defendant Sears Holdings Management Corporation will hereinafter in this complaint be referred to as "Sears/KMart."

7. At all times hereinafter relevant, Electrolux Home Products, Inc. ("Electrolux") was and is a foreign corporation duly registered as such with the New York State Department of State – Division of Corporations.

8. At all times hereinafter relevant, Emerson Electric Co. ("Emerson") was and is a foreign corporation duly registered as such with the New York State Department of State – Division of Corporations.

9. Sears/Kmart is in the business of retail sales to consumers.

10. Electrolux is in the business of manufacturing, selling and/or distributing products such as dishwashers.

11. Emerson is in the business of manufacturing items which are incorporated into products, such as heating elements.

12. Defendants marketed in New York State and knew, or should have known, that its product would be distributed and/or sold and/or used in New York State.

## FACTUAL ALLEGATIONS

13. On or about October 11, 2007, the Pareenes purchased a dishwasher from Sears/Kmart.

14. The subject dishwasher was a Kenmore model, model number 587.1418 ("Subject Dishwasher" or "Product").

15. The subject dishwasher was distributed and sold by Sears/Kmart.

16. The subject dishwasher was distributed, sold and/or manufactured by Electrolux.

17. The subject dishwasher contained a heating element which was manufactured by Emerson.

18. On or about April 5, 2009, a fire occurred at the Subject Premises.

19. The fire originated at the Subject Dishwasher due to a design and/or manufacture flaw of the Subject Dishwasher.

20. The Subject Dishwasher was defective as designed and/or manufactured.

21. All causes of the fire but for a defect in the design and/or manufacture of the Subject Dishwasher were eliminated by fire investigators.

22. Defendants have been given due notice and an opportunity to inspect the fire scene and have inspected the fire scene.

23. Defendants have been given due notice and an opportunity to inspect the Subject Dishwasher.

24. Upon information and belief, a defective heating element manufactured by Emerson, contained within the Subject Dishwasher, was defective and was the cause of the fire.

25. The aforesaid fire caused substantial damage to the building at the Subject Premises.

26. As a result of the subject fire, Plaintiffs suffered damages in the approximate amount of ONE HUNDRED SEVENTY-FIVE THOUSAND and 00/100 ($175,000.00) DOLLARS.

### FIRST CAUSE OF ACTION
*(Breach of Warranty)*

27. Plaintiffs repeat and reallege each and every allegation of the foregoing complaint as though fully set forth herein.

28. Upon manufacture, sale, and/or distribution of the Product, defendant made certain express and implied warranties, among other things, that the Product at issue was of merchantable quality, was fit for the particular purpose intended, and was free from defects of material and workmanship and was in all respects, suitable for use as a dishwasher

29. The aforesaid warranties were untrue, breached and violated in that the Product at issue was not of a merchantable quality, was not fit for the particular purpose for which it was intended and was not free from defects of material and workmanship and was not suitable for use as a dishwasher in that the same was dangerous, defective and inadequate for the purposes intended and caused a fire.

30. As a direct and proximate result of the breach of warranty, the aforesaid fire occurred causing damage to the Plaintiffs as detailed aforesaid.

31. As a result of the subject fire, Plaintiffs suffered damages in the total amount of ONE HUNDRED SEVENTY-FIVE THOUSAND and 00/100 ($175,000.00) DOLLARS.

## SECOND CAUSE OF ACTION
### (Negligence)

32. Plaintiffs repeat and reallege each and every allegation of the foregoing complaint as though fully set forth herein.

33. The aforesaid occurrence was caused by reason of the negligence of the Defendants, its authorized officers, directors, agents, servants and employees.

34. The negligence of Defendants consists of, among other things, improperly designing, manufacturing, distributing and/or selling the aforesaid Product in a defective condition; failing to warn the Plaintiffs and users of the dangers and defects then and there existing; failing to repair/replace the Product; failing to recall the defective Product and notify Plaintiffs of same; failing to use proper quality control procedures; failing to properly inspect and/or test the Product; in including a defective heating element in the Product; in designing, manufacturing, distributing, selling and/or incorporating the defective heating element; and Defendants were otherwise negligent.

35. The subject fire and resulting damage was directly and proximately caused by the aforesaid negligence of the Defendant in that the Subject Dishwasher was defective, failed and caused the subject fire.

36.     As a result of the aforesaid, Plaintiffs suffered damages in the total amount of ONE HUNDRED SEVENTY-FIVE THOUSAND and 00/100 ($175,000.00) DOLLARS.

### THIRD CAUSE OF ACTION
*(Product Liability)*

37.     Plaintiffs repeat and reallege each and every allegation of the foregoing complaint as though fully set forth herein.

38.     Defendants manufactured, designed, distributed and/or sold the Product and/or the heating element contained within the Product.

39.     The Product was in a defective condition at the time it left the possession of Defendants.

40.     As the manufacturer, designer, distributor and/or seller of the Product and/or the defective component part thereto, Defendants are strictly liable for any damages caused by any defects in the same.

41.     As a result of the subject fire, Plaintiffs suffered damages in the total amount of ONE HUNDRED SEVENTY-FIVE THOUSAND and 00/100 ($175,000.00) DOLLARS.

**WHEREFORE,** Plaintiffs demand judgment against defendant in the amount of ONE HUNDRED SEVENTY-FIVE THOUSAND and 00/100 ($175,000.00) DOLLARS, together with interest from April 5, 2009, and the costs and disbursements of this action.

**DATED:** April 16, 2010

LAW OFFICE OF DANIEL W. COFFEY

By: _____
Daniel W. Coffey
*Attorneys for Plaintiffs*
Office and Post Office Address
119 Washington Avenue
Albany, New York  12210
Telephone: (518) 268-1916

## ATTORNEY VERIFICATION

**DANIEL W. COFFEY, Esq.** affirms that affirmant is the attorney for Plaintiffs in the above-entitled action; that he has read the foregoing Plaintiffs' First Amended Verified Complaint and the same is true of his own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters he believes it to true; your deponent is authorized to make this verification pursuant to CPLR §3020(d)(3), in that Plaintiffs reside outside the County of Albany, the county in which your deponent maintains his office.

The sources of deponent's information and the grounds of his belief, as to matters stated upon information and belief are the books, records and files of the Plaintiffs furnished to deponent and the results of investigation.

**DATED:** April 16, 2010

_____
DANIEL W. COFFEY